**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2180-WJM-BNB

BISON DESIGNS, LLC a Colorado limited liability company

    Plaintiff,

v.

BRIGHTON COLLECTIBLES, INC., and
DOES 1 THROUGH 10, inclusive,

    Defendants.

---

**ORDER VACATING MARKMAN HEARING AND
REQUIRING A JOINT STATUS REPORT**

---

This matter is before the Court on the parties Joint Stipulation Regarding Claim Construction. (ECF No.34.) In the Stipulation, the parties indicate that they have agreed on the relevant construction of all of the previously-disputed claims in the Patents at issue in this case. Given this agreement, the *Markman* Hearing scheduled for May 24, 2013 and the pre-*Markman* Hearing status conference set for May 13, 2013 are vacated.

While the Court has vacated the time for the hearing of the Parties' claim construction arguments, the Court will, for the time being, maintain the days scheduled for the *Markman* matter open on its calendar until the Parties provide a Joint Status Report. The Joint Status Report must address the following issues and be filed by no later than April 15, 2015:

**I.      Settlement Efforts:**

1. Parties to indicate whether they have undertaken any of the following settlement efforts:

    (A) Informal Attorney-Attorney negotiation;

    (B) Formal Mediation or Arbitration by a private party; and/or

    (C) Whether the Parties have considered requesting a settlement conference, or Early Neutral Evaluation, pursuant to D.C.COLO.LCivR 16.6(A)[1] before a Federal Court Magistrate Judge.

2. Parties to indicate the prospects of settlement:  This may be done in one of two ways.  First, by indicating on a scale of 1-10 the prospects of the parties settling, with a score of 10 being highly possible and a score of 1 being near impossible.  Second, and alternatively, the Parties may simply *qualify* that there is a low, medium or high possibility of the matter being resolved through settlement at this juncture of the proceedings.  The Court notes that there is no need to provide reasons as to such prospects.

3. If the Parties believe that a settlement conference with a Magistrate Judge would be beneficial in reaching resolution of the matter, the parties should expressly say so in the Joint Status Report.

---

[1] Pursuant to 28 U.S.C. § 652, all litigants in civil cases shall consider the use of an alternative dispute resolution process.

**II.    Consideration of Disposition of this Matter**

1.    The Court notes that there are three Patents in suit that were issued by the United States Patent and Trademark Office ("USPTO"): (a) U.S. Design Patent No. D487,014 (issued on February 24, 2004) (the "'014 Patent"); (b) U.S. Design Patent No. D455,642 (issued on April 16, 2002) (the "'642 Patent"); and (c) U.S. Design Patent No. D520,345 (issued on May 9, 2006) (the "'345 Patent").  The Court also notes that the Parties have now stipulated to the construction of these Patents.

2.    In light of the above—and the fact that the Court still maintains the May 13, 2013 and May 24, 2013 dates for the parties in suit—the Court invites the Parties to indicate in the Status Report whether they would seek to maintain these dates for the purposes of progressing the matter further.[2] This may include, without limitation, the hearing of one or more motions that go to the true merits of this case and which, *inter alia*, could resolve or further progress this matter.  The Court notes, however, that this invitation does not seek to penalize the parties in any way.  Rather, the dates remain allocated to the parties given their efficiency in resolving the

---

[2] The Parties may wish to maintain one or both dates, but must state in the Status Report their reasons for why they would seek to maintain dates that have been scheduled in the calendar. Should sound reasons be provided, the Court will continue to maintain the dates to assist the parties in disposition of this patent dispute.

*Markman* Hearing issues in suit.[3]

## CONCLUSION

In light of the foregoing, the Court ORDERS as follows:

1. The *Markman* Hearing scheduled for May 24, 2013 and the pre-*Markman* Hearing status conference set for May 13, 2013 are VACATED;

2. The hearing dates previously allocated for the *Markman* matters will remain allocated to the Parties until April 15, 2013; and

3. The Parties are DIRECTED to provide a Status Report by April 15, 2013 as set forth above.

Dated this 4th day of April, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

---

[3] Given the level of compromise exhibited by the parties on the *Markman* Hearing issues, the Court wishes to allow the parties opportunity to keep these dates for any other issues or motions they may wish to have the Court dispose of in the foreseeable future. The Court encourages compromise, and has said as much in recent matters involving complex patent disputes. See *Otter Products, LLC v. Treefrog Developments, Inc.,* 2013 WL 490964, *2-*3 (D. Colo. 2013) ("Compromise between the parties is always encouraged. Compromise allows the parties to focus on those points that count, allowing the merits of the case to be better assessed. Given the many issues that arise in patent litigation, this would seem most apt.")