**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2180-WJM-BNB

BISON DESIGNS, LLC a Colorado limited liability company

    Plaintiff,

v.

BRIGHTON COLLECTIBLES, INC., and
DOES 1 THROUGH 10, inclusive,

    Defendants.

---

**ORDER DIRECTING THE PARTIES TO FILE DOCUMENTS RELEVANT TO SUIT**

---

    This action is for patent infringement arising under 35 U.S.C. § 271. Plaintiff Bison Designs LLC ("Plaintiff") asserts that Defendant Brighton Collectibles Inc. ("Defendant"), has infringed (1) U.S. Design Patent No. D487,014 ('014) (issued 2/24/04), which protects Plaintiff's product, called "Curved Heart Shaped Carabineer"; (2) U.S. Design Patent No. D455,642 ('642) (issued 4/16/02), which protects Plaintiff's product, called "Clip; and (3) U.S. Design Patent No. D520,345 ('345) (issued 5/9/06), which protects Plaintiff's product also called "Clip." (ECF Nos. 1-2, 1-5, 1-7.)

    The Parties were before this Court for a Status Conference on May 24, 2013. The purpose of the Status Conference was to educate the Court on the nature of the case and the patents involved. (ECF No. 41.) The Court indicated that it reserved the right to ask questions "going to the Parties' infringement and non-infringement

contentions to assist in its understanding of the case." (*Id.*)  The Court expressly requested that it be educated via "reference to the three patents, *inter alia*, and key prior art" relevant to same.[1]  (*Id.*) *See also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) (stating the test for infringement being "whether an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.")

In order to facilitate progress this matter—and in light of concessions that were made with respect to prior art at the Status Conference on May 24, 2014—the Court ORDERS and DIRECTS as follows:

1. Counsel shall contact Magistrate Judge Boyd N. Boland's Chambers no later than **May 30, 2013** to set a settlement conference in late September after the conclusion of the lay-witness depositions.

2. Defendant shall (a) file a list of prior art references (with copies of same) and, (b) provisionally rank the top three prior art references for each patent by no later than **June 28, 2013.**  It will be expected that one of these references will be Defendant's primary prior art reference for the purposes of obviousness.  (35 U.S.C. § 103).

3. Given what was addressed by the Parties and the Court at the Status Conference with respect to the '014 patent, the Court confirms that the

---

[1] The Court found the explanation of at least one prior art reference—namely U.S. Design Patent No. D447,932, and the relevant disclaimer—most helpful in elucidating the nature of '014 patent.

        Parties may each file one 'Early Motion for Partial Summary Judgment' on or before **July 31, 2013.**[2]

4. The Parties shall each file a summary document indicating: (a) the number of experts that will be deposed in this matter and, (b) the likely nature of their evidence.  These summaries should be no more than 2 pages in length (exclusive of attorney signature blocks and certificate of service).  These summaries shall be filed no later than **August 30, 2013.**

5. The Parties shall jointly file Joint Status Report: (a) providing an updated synopsis of where the matter stands addressing all three patents and, (b) the Parties' best estimate of the prospects for settlement of this case. The Parties may indicate this on a scale of 1-10, with a 10 indicating a high likelihood of settlement or, alternatively, the likelihood of settlement may be described as low/medium or/high.  The Joint Status Report shall be filed no later than **October 7, 2013.**

---

[2] This 'Early Motion for Partial Summary Judgment' may only be filed by *either* party to one of the three patents on validity or infringement.  The Early Motion for Partial Summary Judgment will not count against that party should it wish to file a second motion at the conclusion of pre-trial discovery, consistent with WJM Revised Practice Standard V.E.1.  (The Practice Standard stating: "Subject to any other order I might enter in a particular case with regard to motions filed under Fed. R. Civ. P. 56, each party shall be limited to the filing of a single motion for summary judgment customarily filed at the conclusion of pretrial discovery. In addition, however, within 30 days after entry of the initial scheduling order, a party may also file one early motion for partial summary judgment ("Early Motion for Partial Summary Judgment") which presents a substantial and well-supported argument for significantly reducing the claims or issues in the case. No party may file a second motion for summary judgment, or a second Early Motion for Partial Summary Judgment, without prior leave of court, which shall be granted in only the most extraordinary circumstances.")

5. Each party shall separately file: (a) provisional jury instructions on validity defenses and infringement, and (b) an indication to the Court whether the that party seeks to pursue a jury **or** bench trial.  These documents shall be filed by no later than **October 15, 2013.**

Dated this 29th day of May, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge